UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREDRIC JOEL COHEN, M.D., P.C.
(Jacqueline C. Battershield),

                              Plaintiff,

        -against-

1199 NATIONAL BENEFIT FUND,

                              Defendant.
------------------------------------------------------------------X

**04 CV 8341**
ECF Case

**PETITION FOR REMOVAL**
**OF CIVIL COURT ACTION**

       To the Judges of the United States District Court for the Southern District of New York, Petition of Defendant 1199 National Benefit Fund (the "Fund") shows that:

       1.     On or around September 14, 2004, an action was commenced against Defendant in the Civil Court of the City of New York, County of New York. The action is entitled "Fredric Joel Cohen, M.D., P.C. (Jacqueline C. Battershield) v. 1199 National Benefit Fund." Defendant was served with a summons and endorsed complaint on October 4, 2004. A copy of the summons and endorsed complaint is annexed hereto as Exhibit A.

       2.     Defendant Fund is administered in New York County. Therefore, venue is proper in this Court. See ERISA § 502(e)(2); 29 U.S.C. § 1132(e)(2).

       3.     In his lawsuit, Plaintiff alleges nonpayment for services rendered. Plaintiff seeks to recover monies claimed to be due him under the terms of Defendant's Plan of benefits.

       4.     Plaintiff's claim is preempted by, and must be decided solely on the basis of, federal law.

       5.     The Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1). The Fund provides hospitalization and medical benefits to "participants" and/or "beneficiaries" as defined in Sections 3(6) and (7) of ERISA, 29 U.S.C. § 1002(6) and (7).

       6.     ERISA by its terms "supersede[s] any and all state laws insofar as they . . . relate to any employee benefit plan." ERISA § 514(a); 29 U.S.C. § 1144(a).

       7.     Plaintiff's claim, which seeks to recover a benefit from the Fund, "relate[s] to" an "employee welfare benefit plan" and is therefore preempted by ERISA.

8.  A civil court complaint seeking recovery of benefits from an ERISA-covered plan is subject to timely removal, even though the complaint does not invoke ERISA on its face.  See AETNA Health Inc. v. Davila, 542 U.S. ___, 124 S. Ct. 2488, 2496, 159 L. Ed. 2d 312, 327 (2004); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987).  This is because benefit claims against ERISA-covered plans are deemed to arise exclusively under ERISA.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. at 64-65

9.  As Plaintiff's entitlement to relief necessarily arises under laws of the United States, it may be removed to this Court under the provisions of 29 U.S.C. § 1441(b) without regard to the citizenship of the parties.

10.  This petition is filed within thirty (30) days after Defendant received Plaintiff's initial pleadings as required by 28 U.S.C. § 1446(b).

11.  No previous petition for removal of this action has been made.

WHEREFORE, Defendant prays that the above action now pending in the Civil Court of the City of New York in and for the County of New York be removed to this Court.

Dated:   New York, New York
         October 20, 2004

                                        1199 National Benefit Fund

                                        By:_____/S/_____
                                        KEY A. MENDES (KM 1984)
                                        Associate Counsel
                                        Legal Department
                                        330 West 42nd Street, 31st Floor
                                        New York, NY 10036
                                        (646) 473-6041

TO:   Santucci & Associates
      67 Wall Street – 22nd Floor
      New York, NY 10005-3111
      (212) 709-8357

H:\LEGAL\LITIGATION\MEDICAL CLAIMS\COHEN\Removal Petition Battershield.DOC